United States District Court
Southern District of Texas
**ENTERED**
June 26, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KRISTOPHER WALKER, | § § | CIVIL ACTION NO. 4:19-cv-00338 |
| Plaintiff, | § § § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § § | |
| ANDREW SAUL, Commissioner of the Social Security Administration, | § § § § | |
| Defendant. | § | |

OPINION AND ORDER
AFFIRMING COMMISSIONER'S FINAL DECISION

This is a social security appeal. Plaintiff Kristopher Walker and Defendant Andrew Saul, Commissioner of the Social Security Administration, have each moved for summary judgment. See Dkts 12, 16.

The motion by the Commissioner is granted. The motion by Walker is denied.

1. Background

Walker worked as a logistics specialist in the United States Navy. Tr 36. He was honorably discharged in April 2014 and hasn't been employed since. Tr 39. He has been diagnosed with atrial fibrillation, papillary necrosis, back and knee problems, and post-traumatic stress disorder. Tr 17.

Walker filed an application for disability insurance benefits in August 2017 and for supplemental security income in February 2018. Tr 183–85. He alleges disability beginning in April 2014 due to traumatic brain injury, PTSD, and other conditions. Tr 50–51;

see 42 USC § 423. The Department of Veterans Affairs has rated Walker as ninety percent disabled, seventy percent of which it ascribed to his PTSD. Tr 431–32. This rating is the main point of contention between the parties.

The Social Security Administration denied his claim in December 2017 and again upon reconsideration in February 2018. Tr 69, 92. Walker requested and received a hearing before an Administrative Law Judge, which occurred in July 2018. Tr 14, 104–06. The ALJ issued a decision in August 2018, finding that Walker wasn't disabled. Tr 11.

Walker appealed internally. The Appeals Council denied a request for review in December 2018. The ruling by the ALJ thus became the final decision of the Commissioner. Tr 1–3. Walker commenced this action in January 2019 pursuant to 42 USC § 405(g) to seek judicial review of that decision. Dkt 1.

The Commissioner and Walker have filed competing motions for summary judgment. The Commissioner seeks to affirm the decision. Dkt 12. Walker seeks to reverse and remand the decision either for an award of benefits in his favor or for further administrative proceedings. Dkt 16.

A certified copy of the entire administrative record is before the Court. Dkt 8. This includes Walker's medical records, the decision by the ALJ, the transcript of the hearing before the ALJ, and other documents related to the administrative process. The VA medical record includes office treatment and encounter records from the Department of Defense and the VA, hospital records from the VA hospital, and a mental health statement from one of Walker's treating physicians. Tr 28–29 (Exhibits 1F, 2F, 5F, 6F, and 7F). It also includes internal medicine and psychological evaluations from two independent physicians. Ibid (Exhibits 3F and 4F). All of this was before the ALJ.

2. Legal Standard

*As to the standard of review.* A court's review of a denial of disability benefits by the Commissioner is limited to two inquiries. The first is whether the Commissioner applied the proper legal standard. *Moore v Sullivan*, 895 F2d 1065, 1069 (5th Cir 1990). The second is whether the Commissioner's decision is supported by substantial evidence. *Garcia v Berryhill*,

880 F3d 700, 704 (5th Cir 2018), citing 42 USC § 405(g); *Masterson v Barnhart*, 309 F3d 267, 272 (5th Cir 2002).

Under this standard, *substantial evidence* is that quantum of evidence being "more than a mere scintilla and less than a preponderance." *Masterson*, 309 F3d at 272, quoting *Newton*, 209 F3d at 452. As recently stated by the Supreme Court in *Biestek v Berryhill*, it means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 139 S Ct 1148, 1154 (2019), quoting *Consolidated Edison Co of New York v NLRB*, 305 US 197, 229 (1938).

The Court must review the entire record when determining whether substantial evidence supports the decision. *Emmitt v Saul*, 2019 WL 3500558, \*2 (SD Tex), citing *Villa v Sullivan*, 895 F2d 1019, 1022 (5th Cir 1990). Beyond this, the reviewing court doesn't reweigh the evidence, consider the questions *de novo,* or substitute its own judgment for that of the Commissioner. *Masterson*, 309 F3d at 272. Any conflicts in the evidence were for the Commissioner to resolve—not for the court on review. Ibid, citing *Newton v Apfel*, 209 F3d 448, 452 (5th Cir 2000).

*As to the disability-determination standard.* A claimant has the initial burden of proving that he suffers from a disability. *Garcia*, 880 F3d at 704. The Social Security Act defines *disability* as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 USC § 423(d)(1)(A).

The ALJ applies a five-step sequential analysis when determining disability status. 20 CFR § 404.1520(a)(4). The Fifth Circuit recently reiterated the task of the ALJ as follows:

- o At step one, to consider the applicant's "work activity, if any." 20 CFR § 404.1520(a)(4)(i). A person performing "substantial gainful activity" isn't disabled. 20 CFR § 404.1520(b).
- o At step two, to consider "the medical severity of [the] impairment(s)." 20 CFR § 404.1520(a)(4)(ii). A person who doesn't have a "severe impairment" isn't disabled. 20 CFR § 404.1520(c).

3

- o At step three, to consider whether the applicant's impairment "meets or equals" an impairment listed in Appendix 1 of the regulations. 20 CFR § 404.1520(a)(4)(iii). A person who "meets or equals" the enumerated impairments is disabled. 20 CFR § 404.1520(d).
- o At step four, to consider whether the applicant can perform the same work done in the past. 20 CFR § 404.1520(a)(4)(iv). A person capable of doing such work isn't disabled. 20 CFR § 404.1520(f).
- o At step five, to consider the applicant's "residual functional capacity and . . . age, education, and work experience to see if [he or she] can make an adjustment to other work." 20 CFR § 404.1520(a)(4)(v). A person who can adjust to other work isn't disabled, but a person who cannot is disabled. 20 CFR § 404.1520(g).

*Schofield v Saul*, 950 F3d 315, 317–18 (5th Cir 2020).

Between steps three and four, the ALJ must assess the residual functional capacity of the applicant. See 20 CFR § 404.1520(a)(4). "The RFC is the individual's ability to do physical and mental tasks on a sustained basis despite limitations from her impairments." *Giles v Astrue*, 433 F App'x 241, 245 (5th Cir 2011) (unpublished). The ALJ uses the RFC assessment at the fourth and fifth steps to determine if the applicant could perform past relevant work and can adjust to other work. 20 CFR § 404.1520(e).

The applicant bears the burden through the first four steps, but the burden shifts to the Commissioner at the fifth. *Garcia*, 880 F3d at 704 (citations omitted). It is not unusual for an ALJ to examine all steps even where an applicant fails to meet his or her burden early on. For example, see *Strauss v Saul*, 2020 WL 1650758, *3 (SD Tex) (determining failure at step three but continuing through step five).

3. The determination by the ALJ

The ALJ performed the standard five-step analysis. At steps one and two, Walker met his burden. Tr 16–17. But the ALJ

concluded that Walker failed to meet his burden at step three. Tr 17–19. The ALJ compared Walker's impairments with the definitions listed in Appendix 1 of joint dysfunction (1.02), spinal disorders (1.04), recurrent arrhythmias (4.05), chronic kidney disease (6.05), nephrotic syndrome (6.06), and PTSD (12.15). Tr 18. The ALJ relied on the "opinions of the consultative examiners and State Agency Consultants who evaluated the issue at the initial and reconsideration levels," finding that none of Walker's impairments meets or equals the comparable Appendix 1 conditions. Tr 18–19.

The ALJ referenced Walker's VA record at least twice at this stage. See Tr 19. Specifically, the ALJ cited records showing that Walker had no difficulty managing his finances, personal needs, or daily activities. See Tr 371, 414, 694 (referring to Exhibits 2F and 5F). The ALJ found the VA evidence to be consistent with independent medical assessments and concluded that Walker was only "mildly limited" in managing himself. Tr 19.

The ALJ continued its analysis through to step five notwithstanding the negative finding at step three. As to the RFC assessment, the ALJ concluded that Walker had the capacity to "lift, carry, push, or pull twenty pounds occasionally and ten pounds frequently; stand or walk six hours in an eight-hour workday with normal breaks; and sit six hours in an eight-hour workday with normal breaks." Tr 19. The ALJ also found that Walker had certain limitations—for instance, an ability to carry out detailed but not complex tasks and to interact with co-workers, supervisors, or the public only occasionally. Ibid. The ALJ referenced Walker's VA record in this regard thirty-four times as to hospital records, doctor's office encounters, medical reports, and medical source statements from treating physicians from the VA. See Tr 19–23, 28–29 (referring to Exhibits 1F, 2F, 5F, 6F, and 7F).

Based on the RFC assessment, the ALJ found at step four that Walker was unable to perform any past relevant work. Tr 23. But he found at step five that Walker was capable of working jobs that exist in significant numbers in the national economy. Tr 24. This was based on the testimony of a vocational expert, who identified a significant number of light, unskilled jobs available to

5

one such as Walker in the regional and national economies. These included, for instance, work as an office cleaner, small products assembler, and office mail clerk. Tr 24, 46–47.

The ALJ ultimately concluded that Walker is not disabled and denied him benefits. Tr 24–25.

### 4. Analysis

The meaning and scope of a recent regulatory change is at issue between the parties with respect to the prior finding by the VA that Walker was ninety percent disabled. Given that a VA disability rating assesses the severity of an impairment, it implicates the ALJ's analysis at steps two and three and the RFC assessment. It also implicates steps four and five because they depend largely on the RFC assessment.

The main dispute is whether and the extent to which the ALJ should have considered the VA disability rating itself, and not solely the underlying VA records. Before March 2017, 20 CFR § 404.1504 stated:

> A decision by any nongovernmental agency or any other governmental agency about whether you are disabled or blind is based on its rules and is not our decision about whether you are disabled or blind. We must make a disability or blindness determination based on social security law. Therefore, a determination made by another agency that you are disabled or blind is not binding on us.

20 CFR § 404.1504 (amended 2017).

As phrased, this provision was unclear as to what weight or deference—if any—should be given to determinations by other agencies. But as to a disability rating by the Department of Veterans Affairs, the Fifth Circuit previously held, "A VA rating is certainly not binding on the Secretary, but it is evidence that should be considered and is entitled to great weight." *Rodriguez v Schweiker*, 640 F2d 682, 686 (5th Cir 1981) (citations omitted).

Effective March 2017, the most recent version of 20 CFR § 404.1504 modified the duties of the ALJ with respect to

6

disability determinations by other agencies. The regulation now states:

> Other governmental agencies and non-governmental entities—*such as the Department of Veterans Affairs*, the Department of Defense, the Department of Labor, the Office of Personnel Management, State agencies, and private insurers—make disability, blindness, employability, Medicaid, workers' compensation, and other benefits decisions for their own programs using their own rules. Because a decision by any other governmental agency or a non-governmental entity about whether you are disabled, blind, employable, or entitled to any benefits is based on its rules, it is not binding on us and is not our decision about whether you are disabled or blind under our rules. Therefore, in claims filed (see § 404.614) on or after March 27, 2017, *we will not provide any analysis in our determination or decision about a decision made by any other governmental agency or a nongovernmental entity about whether you are disabled*, blind, employable, or entitled to any benefits. However, *we will consider all of the supporting evidence underlying the other governmental agency or nongovernmental entity's decision* that we receive as evidence in your claim in accordance with § 404.1513(a)(1) through (4).

20 CFR § 404.1504 (emphasis added).

Amendments elsewhere indicate that determinations by other agencies will be accorded little weight as to disability decisions under the Social Security Act:

> Evidence that is inherently neither valuable nor persuasive. Paragraphs (c)(1) through (c)(3) apply in claims filed (see § 404.614) on or after March 27, 2017. Because the evidence listed in paragraphs (c)(1) through (c)(3) of this section is *inherently neither valuable nor persuasive* to the

> issue of whether you are disabled or blind under the Act, *we will not provide any analysis about how we considered such evidence* in our determination or decision, even under § 404.1520c:
>
> (1) Decisions by other governmental agencies and nongovernmental entities. See § 404.1504.

20 CFR § 404.1520b(c) (emphasis added).

At base, these amendments clearly specify that the ALJ isn't required to discuss or analyze a VA disability rating at any of the five steps or the RFC assessment. Even so, the ALJ retains a duty to consider the record underlying a VA disability rating.

The ALJ expressly took this approach here. It observed when making the RFC assessment that it was under no duty to consider the VA disability rating. Tr 19–23. In line with the amended regulation, the ALJ stated that "the VA findings of disability percentages are prior administrative findings by a governmental agency and [are] not considered under current rules." Tr 23. The ALJ then cited to the underlying VA record almost forty times during its step three and RFC analyses when considering its own decision. See Tr 19–23, 28–29.

Walker asserts to the contrary that precedent still requires an ALJ to "give great weight" to a VA disability rating. See Dkt 16 at 6, citing *Luther v Berryhill*, 891 F3d 872, 876 (9th Cir 2018); *McCartey v Massanari*, 298 F3d 1072, 1076 (9th Cir 2002); see also *Rodriguez*, 640 F2d at 686. But such cases interpret the previous regulatory scheme. They don't address or resolve the standard under the current regulations.

To be clear, this isn't a situation invoking the Fifth Circuit's *rule of orderliness*. That rule typically holds that "when the Fifth Circuit issues a decision that directly resolves a legal question, later Fifth Circuit panels and the district courts may not overrule the decision, right or wrong." *Hines v Quillivan*, 395 F Supp 3d 857, 864 (SD Tex 2019), citing *Lyda Swinerton Builders Inc v Oklahoma Surety Co*, 903 F3d 435, 455 (5th Cir 2018). But the Fifth Circuit recognizes the ability of a district court to consider a question anew when an intervening change clearly alters the underlying law. For example, see *Spong v Fidelity National Property and Casualty Insurance Co*, 787 F3d 296, 303 (5th Cir 2015).

So it is here. The regulatory revision to § 404.1504 is significant. This requires fresh analysis, not simply deference to earlier precedent considering a prior and very different version. The Western District of Texas recently came to the same conclusion in *Rodriguez v Commissioner of Social Security*, finding no error when an ALJ failed to credit an applicant's VA disability rating because earlier Fifth Circuit precedent was "based on a former regulatory scheme." 2020 WL 614591, *7 (WD Tex).

Even apart from prior precedent, and even conceding that the ALJ's disregard of the VA disability rating is in literal accord with the amended § 404.1504, Walker contends that the ALJ still committed legal error by failing to consider that rating. Dkt 16 at 4–5. He points for support to a more general provision in the amended regulation, which provides:

> Other medical evidence. Other medical evidence is evidence from a medical source that *is not objective medical evidence or a medical opinion, including judgments about the nature and severity of your impairments*, your medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis. (For claims filed (see § 404.614) before March 27, 2017, other medical evidence does not include a diagnosis, prognosis, or a statement that reflects a judgment(s) about the nature and severity of your impairment(s)).

20 CFR § 404.1513(a)(3) (emphasis added).

Walker argues that § 404.1513(a)(3) thus requires an ALJ to consider the VA disability rating as medical evidence even though § 404.1504 expressly does not. The argument is at least plausible. In line with § 404.1513(a)(3), a VA disability rating is not "objective medical evidence or a medical opinion." And it does present a percentage gauge of the severity of a disability, thus constituting "judgment(s) about the nature and severity" of an impairment.

But proper construction isn't limited to the terms of § 404.1513(a)(3) standing alone. And construing a VA disability rating itself as *other medical evidence* would run afoul of several

9

related canons of construction. Text must be construed as a whole. See *In re Supreme Beef Processors, Inc*, 468 F3d 248, 253 (5th Cir 2006); see also Antonin Scalia and Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts*, 167 (West 2012) (whole-text canon). Every word and provision must also be given effect, with none ignored or rendered mere surplusage. *Asadi v GE Energy (USA) LLC*, 720 F3d 620, 628 (5th Cir 2013); see also Scalia and Garner at 174 (surplusage canon). Provisions of a text should be interpreted to render them compatible and not contradictory. *Asadi*, 720 F3d at 622; see also Scalia and Garner at 180 (harmonious-reading canon). And a specific provision prevails if a conflict appears with a more general proposition. *United States v John*, 309 F3d 298, 302 n 5 (5th Cir 2002); see also Scalia and Garner at 183 (general/specific canon).

Reading § 404.1513(a)(3) together with the recent revision of § 404.1504 shows why Walker's argument isn't sound. The latter provision now clearly states that the ALJ will not provide any analysis of a disability determination by another agency—with specific reference included as to decisions by the Department of Veterans Affairs. And it also specifically cites to § 404.1513(a)(3), noting only that "all of the supporting evidence underlying" such decision will be considered. Further amendment elsewhere specifies that the actual determinations by other agencies will be accorded little weight, designating them as "inherently neither valuable nor persuasive" to the question of disability under the Social Security Act. 20 CFR § 404.1520b(c).

Said another way, the most recent changes to the regulation are meaningless if a VA disability rating can simply be reclassified as *other medical evidence*. The best reading of § 404.1504 and related provisions instead places no duty on an ALJ to provide any specific analysis of a VA disability rating. And an ALJ meets the sufficient-evidence standard by considering the supporting evidence underlying that rating.

The ALJ's approach here was entirely consistent with the terms of both § 404.1504 and § 404.1513(a)(3). And it is beyond contest that the ALJ reviewed for itself and based its decision upon the underlying VA record.

5. Conclusion

No legal error appears. Substantial evidence in the record supports the decision of the ALJ.

The motion by Walker for summary judgement is DENIED. Dkt 16.

The motion by the Commissioner for summary judgment is GRANTED. Dkt 12.

The final decision of the Commissioner is AFFIRMED.

SO ORDERED.

Signed on June 26, 2020, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge